1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDAN CONCANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSURANCE CARE NOW, LLC,<br><br>Defendant. | CASE NO. 17-cv-0301-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Default Judgment (ECF No. 9) filed by Plaintiff Brendan Concannon.

**I. Background**

    On February 15, 2017, Plaintiff filed the Complaint against Defendant Insurance Care Now, LLC, a Florida limited liability corporation. (ECF No. 1). The Complaint alleges that Defendant used an "automatic telephone dialing system" to make five telephone calls to Plaintiff's cell phone. *Id.* at ¶¶ 12-16, 21. The Complaint alleges that these calls were solicitations and were not made for emergency purposes. *Id.* at ¶¶ 17, 18. The Complaint alleges that Plaintiff incurs a charge for calls made to his cell phone, and that Plaintiff did not consent to receive Defendant's calls. *Id.* at ¶¶ 19, 20. Plaintiff brings claims for violations of the Telephone Consumer Protection Act ("TCPA"). *Id.* at 8-9.

On April 14, 2017, Plaintiff filed a request for entry of clerk default. (ECF No. 6). In support of the request for entry of clerk default, Plaintiff submitted the affidavit of Plaintiff's counsel, Mona Amini, who attested that Defendant was duly served on February 21, 2017 and did not respond to the Complaint in the time allowed by law. (ECF No. 6-2 at 2). On April 17, 2017, the Clerk entered default as to Defendant. (ECF No. 7).

On September 15, 2017, Plaintiff filed the Motion for Default Judgment. (ECF No. 9). Defendant has not filed any response to the Motion for Default Judgment.

**II. Discussion**

Plaintiff contends that he is entitled to a default judgment against Defendant because "Defendant is aware of the pending action, yet it failed to appear to defend the lawsuit" and "Plaintiff's Complaint adequately states Plaintiff's claims against Defendant for violation of the [TCPA]." (ECF No. 9-1 at 3). Plaintiff contends that he is entitled to $2,500 of statutory damages for Defendant's violations of the TCPA. *Id.* at 6. Plaintiff further contends that, as the prevailing party, he is entitled to $578 in costs under Federal Rule of Civil Procedure 54(d)(1). *Id.*

**A. Default Judgment**

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). The Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has demonstrated that Defendant was duly served. *See* ECF No. 5. The docket reflects that Defendant has not filed a responsive pleading. The Clerk of the Court has entered default against Defendant. (ECF No. 7). The factual allegations of the Complaint are sufficient to sustain Plaintiff's claims for violations of the TCPA. *See* ECF No. 1. Plaintiff has alleged sufficient facts to establish that Defendant used an automatic telephone dialing system to make five non-emergency telephone calls to Plaintiff's cell phone without Plaintiff's consent, and that Plaintiff was charged for these calls. *See id.* Plaintiff's allegations concerning Defendant's phone calls, taken as true, established that each call violated 47 U.S.C. § 227(b)(1)(A)(iii) ("It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular phone service . . . for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.").

In this case, the possibility of prejudice to Plaintiff is high if the Court does not enter default judgment. If Plaintiff is not granted default judgment, he may be without any recourse for recovery. The record reflects that Defendant was served with the Complaint and the Motion for Default Judgment. (ECF Nos. 5, 9-3). The possibility that Defendant's default was due to excusable neglect is low. *See Microsoft Corp. v. Lopez*, No. C08-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (finding the possibility of excusable neglect low when "Defendant received notice of Microsoft's intention to pursue civil remedies both through receipt of the cease and desist letter and

service of the Complaint"). Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence of R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (internal quotation marks omitted). The Court has considered the factors articulated in *Eitel* and the Court concludes that Plaintiff is entitled to default judgment against Defendant for five violations of the TCPA pursuant to Rule 55(b)(2).

### B. Damages

Plaintiff seeks statutory damages.[1] (ECF No. 9-1 at 5-6). Pursuant to Federal Rule of Civil Procedure 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

> Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . .

*Phillip Morris*, 219 F.R.D. at 498 (citations omitted). Furthermore, allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).

47 U.S.C. § 227(b)(3)(B) provides for statutory damages of $500 per violation of 47 U.S.C. § 227(b). Plaintiff is entitled to a default judgment that Defendant committed five violations of 47 U.S.C. § 227(b). Accordingly, the Court awards Plaintiff $2,500 in statutory damages.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 9) is **GRANTED**. Plaintiff is entitled to a default judgment against Defendant and an

---

[1] Plaintiff also seeks $578 in costs under Federal Rule of Civil Procedure 54(d)(1). (ECF No. 9-1 at 6). In order to obtain an award for costs, Plaintiff must follow the procedure laid out in Local Rule 54.1. *See* CivLR 54.1.

award of $2,500 in statutory damages. The Court orders Plaintiff to file a proposed judgment in accordance with this Order within fourteen days of the date of this Order.

DATED: November 20, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge